UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **James V. Robinson,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 11-1037 (CKK) |
| **United States Parole Commission,** | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff, a District of Columbia parolee, claims that defendant United States Parole Commission ("Commission") has failed to provide him a timely hearing under 28 C.F.R. § 2.95 to consider the early termination of his parole supervision. He seeks a declaratory judgment and an order compelling defendant to terminate his parole supervision and to issue a "certificate of discharge from sentence." Compl. ¶ 9. Defendant moves to dismiss on the ground that its scheduling of a parole termination hearing in October 2011 renders this action moot. Assuming that the hearing has occurred, the Court agrees that this action is moot and, thus, will grant defendant's motion to dismiss.

## BACKGROUND

Plaintiff is serving an aggregate prison sentence of 57 years imposed on July 11, 1985, by the Superior Court of the District of Columbia for first-degree burglary and rape. Mem. of P. & A. in Support of Def.'s Mot. to Dismiss, Declaration of Rockne Chickinell ("Chickinell Decl.") [Dkt. # 9-3] ¶ 2. On June 23, 2001, plaintiff was released to parole supervision until the expiration of his sentence on July 24, 2041. *Id*. Based on a Supervision Report, the Commission

decided in May 2007 to keep plaintiff on active supervision. *Id*. ¶ 4 & Ex. 4. On August 12, 2010, the Commission received another Supervision Report that recommended continued supervision over plaintiff. *Id*. ¶ 5 & Ex. 5. The Commission, however, notified Supervision Officer Kaitlin Digney by letter of August 26, 2010, of its decision to conduct a parole termination hearing. It enclosed a form captioned "Early Termination Notice/Waiver for Hearings in the District of Columbia" for plaintiff's completion. *Id*., Ex. 6.

By June 6, 2011, plaintiff had not received a parole termination hearing and, thus, filed this civil action while residing in the District of Columbia. On July 26, 2011, the Commission scheduled a parole termination hearing for plaintiff on August 30, 2011, *id*., Ex. 8, which was rescheduled allegedly at plaintiff's request on October 4, 2011. Def.'s Reply in Support of Its Mot. to Dismiss [Dkt. # 13] at 2; *see* Pl.'s Opp'n to Def.'s Mot. for Dismissal ¶ 2 (acknowledging current hearing date as October 4, 2011).

## DISCUSSION

Pursuant to 28 C.F.R. § 2.95(a), the Commission "may terminate a parolee's supervision, and legal custody over the parolee, before the sentence expires." Plaintiff claims that defendant has violated the following provision:

> Five years after releasing a prisoner on supervision, the Commission shall terminate supervision over the parolee unless the Commission determines, after a hearing conducted in accordance with the procedures prescribed in 18 U.S.C. 4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law. If the Commission does not terminate supervision under this paragraph, the parolee may request a hearing annually thereafter, and the Commission shall conduct an early termination hearing at least every two years.

28 C.F.R. § 2.95(c).

A convicted individual has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal Correctional Complex,* 442 U.S. 1, 7 (1979), and plaintiff's claim for relief under the foregoing federal regulation appears to be moot in light of the scheduled hearing.

Plaintiff counters that this action is not moot because defendant has allegedly abused its discretion in matters pertaining to his parole and has shown bias or prejudice toward him. *See generally* Pl.'s Opp'n at 12-23.[1] Specifically, plaintiff surmises that because he "is a sex offender, or a person not liked by the Defendant, [he] can entertain no reasonable belief that [defendant] will not act again to unjustly abridge his liberty or freedom . . . ." *Id*. ¶ 18. Defendant argues correctly that this claim is not ripe for review because a hearing has yet to occur, *see* Def.'s Reply at 3-6, but more importantly the claim is not ripe because a decision has yet to be made about the early termination of plaintiff's parole. In any event, this Court would lack jurisdiction to order in this civil action the termination of plaintiff's parole and his release from custody. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (absent a showing of unreasonable delay or resulting prejudice, the appropriate remedy for a delayed hearing would be "a writ of mandamus to compel the Commission's compliance with the statute[,] not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence.") (citations omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (A claim challenging the fact or duration of one's custody is the exclusive province of *habeas corpus*.).

---

[1] Because plaintiff's opposition is not paginated, the Court references the page numbers assigned by the electronic docket system.

For the foregoing reasons, the Court will grant defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: November 18, 2011